The **DANVILLE TOBACCO ASSOCIA-TION,** a corporation, et al., Appellants,

v.

**Orville L. FREEMAN,** Secretary of Agriculture, Appellee.

No. 18718.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 16, 1965.

Decided Sept. 30, 1965.

Mr. Benjamin W. Dulany, Washington, D. C., with whom Mr. Edmund D. Campbell, Washington, D. C., was on the brief, for appellants.

Miss Sylvia Bacon, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty. at the time the brief was filed, Frank Q. Nebeker, Asst. U. S. Atty., and Judah Best, Asst. U. S. Atty. at the time the brief was filed, were on the brief, for appellee. Mr. John A. Terry, Asst. U. S. Atty., and Mr. William H. Willcox, Asst. U. S. Atty. at the time the record was filed, also entered appearances for appellee.

Before EDGERTON, Senior Circuit Judge, and WASHINGTON and McGOWAN, Circuit Judges.

EDGERTON, Senior Circuit Judge:

Appellants, tobacco warehousemen and their trade associations in Danville, Virginia and Winston-Salem, North Carolina, asked for a declaratory judgment

that the Secretary of Agriculture's regulations adopted in 1958 under the Tobacco Inspection Act, 7 U.S.C. § 511m, and the Commodity Credit Corporation Act, 15 U.S.C. § 714b, were invalid, and that the Secretary should have granted a petition of some of the appellants to repeal them. Appellants also asked for an injunction restraining enforcement of the regulations. The regulations provide that additional tobacco inspection and price support services for a new tobacco "sale", i. e., an individual sub-market in a designated area, will be furnished only to an applicant who proves that he has firm commitments from five or more buyers "who could reasonably be expected to purchase at least two-thirds of the total U.S. production of the kind of tobacco for which the additional services are requested", that they will participate in the sale. 6 C.F.R. §§ 464.1016(b), 464.-1017(a); 7 C.F.R. §§ 29.1(b), 29.2(a) (1959).

Appellants alleged that they "are desirous of applying for and obtaining * * * services for an additional or fifth daily sale to be held in each of the cities of Danville and Winston-Salem", and that such sales would bring them additional commissions of $120,000 to $150,000. They alleged that it is impossible for any applicant to comply "with the prerequisites for such increased services as set forth in the * * * regulations."[1] The District Court held that the regulations were valid and entered judgment for the defendant Secretary dismissing the complaint.

We think the court should have dismissed the complaint without passing on the validity of the regulations. Appellants are seeking judicial review of regulations in the abstract, not as applied to an existing fact situation. No appellant alleges that because of the regulations the Secretary has denied any application for services for a new sale. No final administrative action based on the regulations has been taken. The request for judicial review is therefore premature. With possible exceptions not pertinent here, litigants who have not been harmed or threatened with immediate harm by administrative action have no standing to attack it. A leading case for this familiar proposition is United States v. Los Angeles & S. L. R. R., 273 U.S. 299, 47 S.Ct. 413, 71 L.Ed. 651 (1927).

Some of the appellants have made no applications. These appellants have not exhausted their administrative remedies. The Secretary has denied applications of other appellants, but on the ground that no need for the proposed sales was established. Appellants do not question this finding of the Secretary or suggest that it is based on the regulations.[2]

The Declaratory Judgment Act of 1934, as amended, 28 U.S.C. § 2201, does not give appellants standing to sue, "The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree * * *. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941). To be "ripe for determination" under the Declaratory Judgment Act, a "disagreement must not be nebulous or contingent but must have taken

---

1. They alleged that the Secretary's denial of the petition to repeal the regulations was unreasonable and deprived them of due process; that the applicants could not learn which buyers could be expected to buy two-thirds of the total production, because the amount individual tobacco companies buy is a trade secret and the Secretary, though he has this information, will not reveal it; and that the tobacco companies refuse to make commitments to applicants for sales. Appellants also contend that the regulations unconstitutionally delegate decision-making power to the tobacco companies.

2. The District Court held that the Secretary's finding was supported by substantial evidence.

on fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them." Public Service Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 244, 73 S.Ct. 236, 240, 97 L.Ed. 291 (1952).

The appealed judgment should be modified so as to comply with this opinion and will then stand affirmed.

Modified and affirmed.